UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-05151-ACCV** | Date: | September 13, 2026 |
| Title: | ***LAM HONG LE v. JOSHUA JOHNSON, WARDEN, ADELANTO ICE PROCESSING CENTER, et al.*** | | |

Present: The Honorable **Angela C. C. Viramontes, United States Magistrate Judge**

| | |
|---|---|
| D. Castellanos | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings (IN CHAMBERS): ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [DKT. 7] AND ENJOINING PETITIONER'S TRANSFER FROM THE CENTRAL DISTRICT**

The Court has reviewed Petitioner Lam Hong Le's ("Petitioner") Ex Parte Motion for Temporary Restraining Order ("TRO") filed on September 11, 2026. (Dkt. 7.) Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") was filed on September 4, 2026. (Dkt. 1.) In the Petition, Petitioner seeks immediate release from immigration detention. (*Id*. at 29.) In the TRO, Petitioner also seeks immediate release from immigration detention. (Dkt. 7 at 29.)

Among the relief requested in the TRO is an order enjoining Respondents from transferring Petitioner outside the jurisdiction of this Court while the action is pending. (Dkt. 7 at 30.) *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."). The Court finds that Petitioner's transfer would frustrate his ability to continue to litigate his Petition because his counsel is located in this District. It is therefore reasonable to prevent Petitioner's transfer outside this District during the relatively short period it will take to resolve this Petition.

As for the requested relief in the TRO, the Court notes that, in accordance with General Order 26-05, what is effectively an expedited briefing schedule has already been set on the Petition here. (*See* Dkt. 8.) As explained in General Order 26-05:

> "The standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order. Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

General Order 26-05 at 5 § 3. Thus, to obtain the relief of a TRO that Petitioner seeks here, Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). To do this, "the evidence must show that the moving party's cause will be irreparably prejudiced if the motion is heard according to regular noticed motion procedures." *Id*. And under General Order 26-05, the regular noticed motion procedures in a habeas case such as this provide for full briefing of the Petition within about 10 days if petitioner is represented, or within about 21 days if petitioner is unrepresented. (*See* Dkt. 8.)

Here, Petitioner has applied for a TRO because he alleges he has been unlawfully detained. Although the Court appreciates Petitioner's desire for immediate relief under these circumstances, it finds Petitioner has not shown he faces imminent, irreparable harm if the Petition is decided by the expedited briefing schedule set in accordance with General Order 26-05. In addition, the primary relief Petitioner seeks in the TRO—release from custody—goes to the core merits question in the Petition, namely, the lawfulness of Petitioner's present confinement. That question is best resolved through the expedited merits review established by General Order 26-05, rather than on an application for a TRO or preliminary injunctive relief. *See Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("In general, that kind ofjudgment on the merits in the guise of preliminary relief is a highly inappropriate result.").

Accordingly, the Court now ORDERS as follows:

1. Respondents shall not remove Petitioner from the Central District of California during the pendency of this case, or unless otherwise ordered by the Court. Respondents are further ordered to disseminate this order to the immigration officers assigned to Petitioner's immigration case and to place a copy of this order in Petitioner Lam Hong Le's A-file (A#: A025127359).

2. The relief requested in Petitioner's TRO (Dkt. 7) is DENIED WITHOUT PREJUDICE. The Court will address Petitioner's claims for relief after the completion of briefing on the Petition.

**IT IS SO ORDERED.**