**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| LAM HONG LE,<br>Petitioner,<br>v.<br>JOSHUA JOHNSON, *et al*.,<br>Respondents. | Case No. 5:26-cv-05151-ACCV<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. RULING

On September 4, 2026, Petitioner Lam Hong Le ("Petitioner") filed his verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief against Respondents Joshua Johnson, *et al*. (Dkt.1.) On September 14, 2026, Respondents filed Respondents' Answer to Petition for Writ of Habeas Corpus in which they state, "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Dkt. 12 at 2.) For the reasons that follow, the Court grants the Petition and orders Respondents to immediately release Lam Hong Le (A# 025-127-359) from custody.

///

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a 58-year-old Vietnamese refugee who has been living in the United States for approximately forty-five years. (Dkt. 1 at 3.) Petitioner arrived in the United States when he was 14 years old. (*Id*. at 8.) As discussed in the Petition, Petitioner had a traumatic childhood in Vietnam during the Vietnam War, and in a refugee camp in Hong Kong as an unaccompanied minor. (*Id*. at 8-9.) As a teenager without parental care and supervision, Petitioner looked for acceptance and guidance and found that in a gang. (*Id*. at 10.) Petitioner abused drugs and alcohol with the gang, and made reckless decisions including committing assault with a deadly weapon and murder which resulted in a 35 year to Life sentence. (*Id*.) While incarcerated, Petitioner regularly volunteered to speak with student visitors to share his story of the consequences of drugs, alcohol, and gang affiliation. (*Id*.) He also enrolled and actively engaged in several treatment programs such as Alcoholic Anonymous, Narcotics Anonymous, bible studies sessions, anger management classes, and self-help classes. (*Id*.)

In 2019, Petitioner was granted parole and released. (Dkt. 1 at 10.) He was then transferred to the Yuba County Detention facility where he remained in immigration detention for approximately 68 days before he was released on an OSUP. (*Id*.) After his release from detention, Petitioner continued his volunteer service and resumed his work on reform and community service. (*Id*.) Petitioner became a volunteer with Tsuru for Solidarity, a non-profit social justice organization seeking to end detention of asylum seekers. (*Id*.) He obtained a full-time job as an essential care worker at Five Keys Housing Services in San Francisco where he cared for unsheltered people in temporary housing. (*Id*. at 10- 11.) Petitioner saved one of the residents from a fentanyl overdose by performing CPR on him. (*Id*. at 11.) He volunteered often as a cook with the World Health Kitchen to help prepare food for low-income seniors in Oakland, Chinatown. (*Id*.) When there was a surge in anti-Asian violence, Petitioner volunteered as a “street ambassador” and escorted elderly and senior Asians. (*Id*.) Petitioner became a devout Christian during his incarceration and upon his release, continued to practice his faith

by regularly attending a Vietnamese Christian church. (*Id*.)

On or around May 31, 2026, Petitioner was driving in the City of Paso Robles, California, when he was arrested by the local police. (Dkt. 1 at 11.) He was then transferred to the Adelanto ICE Processing Center in Adelanto, California, and has remained there since. (*Id*.)

On September 4, 2026, Petitioner filed the Petition. (Dkt. 1.) Petitioner brings four claims for relief. Count One is Violation of the Fifth Amendment to the U.S. Constitution—Procedural Due Process. (*Id*. at 16-21.) Count Two is Violation of the Fifth Amendment to the U.S. Constitution —Substantive Due Process. (*Id*. at 21-23.) Count Three is Violation of the Fifth Amendment to the U.S. Constitution and the Convention Against Torture—Removal to a Third Country. (*Id*. at 23-26.) Count Four is Violation of the Administrative Procedures Act. (*Id*. at 26-28.) Among the relief Petitioner requests is immediate release. (*Id*. at 28-29.)

On September 14, 2026, Respondents filed Respondents' Answer to Petition for Writ of Habeas Corpus in which they state, "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Dkt. 12 at 2.)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been

strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief, among other things, is an order granting the Petition and that Petitioner be released immediately. (Dkt. 1 at 28-29.) In Respondents' Answer, Respondents plainly state, "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Dkt. 12 at 2.) Given Respondents' concession, nothing more need be said. *See Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). Given Respondents' non-opposition and the absence of procedural safeguards accorded to Petitioner in advance of detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to his re-detention.

## V. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Lam Hong Le (A# 025-127-359) immediately under the same conditions as he was released prior to his re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: September 15, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge